UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT F. KAPPEN, | No. 2:15-cv-0901-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| ROBERT A. MCDONALD, et al., | |
| Defendants. | |

    Plaintiff Kurt F. Kappen, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

    The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

Liberally construed, plaintiff's complaint asserts a claim pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that the United States Department of Veterans Affairs ("VA") failed to respond to or even acknowledge his request for certain government records – more specifically, plaintiff's individual VA claim file or "C-File"— despite multiple requests and/or attempted communications with that agency.  Plaintiff primarily seeks production of the requested records.  (See ECF No. 1.)

Based on the limited record before the court, the court cannot conclude that plaintiff's action is frivolous, that the complaint fails to state a claim on which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant.  The court reserves decision as to plaintiff's claim(s) until the record is sufficiently developed, and this order does not preclude any defendant from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading.  Accordingly, the court orders service of the complaint.

The complaint's caption names Robert A. McDonald (Secretary of the Department of Veterans Affairs) and Leigh A. Bradley (General Counsel of the Department of Veterans Affairs) as defendants.  However, the body of plaintiff's complaint makes clear that plaintiff's claim is actually directed against the VA.  Moreover, a claim under the FOIA may not be asserted against individual federal officials; the proper defendant is the agency.  See Drake v. Obama, 664 F.3d 774, 785-86 (9th Cir. 2011).  Therefore, in light of the court's obligation to construe the pleadings of *pro se* litigants liberally, and in the interest of judicial economy and efficiency, the court construes plaintiff's complaint as asserting a FOIA claim against the VA, and directs service of the complaint on the VA.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Service of the complaint is appropriate for defendant United States Department of Veterans Affairs only.  Named defendants Robert A. McDonald and Leigh A. Bradley shall NOT be served with process.

////

3. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5. Within thirty (30) days from the date of this order, plaintiff shall submit to the United States Marshal an original and five copies of the completed summons, five copies of the complaint, five copies of the scheduling order and related documents, and a completed USM-285 form, *and shall file a statement with the court that such documents have been submitted to the United States Marshal.*

6. The United States Marshal is directed to serve all process papers, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. Service of process shall be completed by delivering a copy of the process papers to the United States Attorney for the Eastern District of California, and by sending two copies of the process papers by registered or certified mail to the Attorney General of the United States at Washington, D.C. See Fed. R. Civ. P. 4(i)(1)(A) & (B). The Marshal shall also send a copy of the process papers by registered or certified mail to the United States Department of Veterans Affairs Office of Regional Counsel, 4150 Clement Street, Bldg 210, San Francisco, CA 94121. See Fed. R. Civ. P. 4(i)(2).

7. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal.

8. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

9. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

////

1        IT IS SO ORDERED.

2  Dated: July 20, 2015

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4